FILED by ΤΩΙ D.C.

JAN 0 7 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| JENNY LONGMORE<br>    Plaintiff. | )<br>)<br>)<br>) Case No 13cv60035-Rosenbaum/Seltzer<br>)<br>vs. )<br>)<br>)<br>FOCUS FINANCIAL SERVICES )<br>    Defendant. ) Trial By Jury Demanded<br>)<br>) |

## COMPLAINT

**Violations of the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq, the FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 and TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C §27**

## JURISDICTION

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051,and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is JENNY LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is FOCUS FINANCIAL SERVICESA (hereinafter "Defendant") who conducts business in Broward County, FL. and has offices at 3800 South Congress Ave, Boynton Beach, FL. 33426 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly uses the mail and telephone in a business which the principal purpose is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

9. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff resides in Broward County, FL.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

11. This is an action for damages which exceed $5,000.00

16. On December 20, 2012 Defendant received USPS Certified Letter # 7006 3450 0002 8745 4157 which was a "NOTICE OF PENDING LAWSUIT" sent by Plaintiff.

17. Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

18. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine Whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

## COLLECTION CALLS

19. On October 4, 2011 Defendant (FOCUS FINANCIAL SERVICES) willfully and knowingly called Plaintiff (JENNY LONGMORE) at her home using a "automatic telephone dialing system" in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

20. During this call, Defendant willfully and knowingly left a voicemail using an "automatic telephone dialing system" on Plaintiff's answering machine in an attempt to collect a debt.

## SUMMARY

21. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant , were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

22. During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d), and 1692 U.S.C. § 1692e, amongst others.

23. The above –detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above – mentioned provisions of the FDCPA.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above – cited provisions of  FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of the Defendants violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C § 1692k(a)(2)(a); and, reasonable attorneys' fees and cost pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO SEND WRITTEN NOTICE WITHIN 5 DAYS OF INITIAL COMMUNICATION

27. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. Defendant failed to send written notification within 5 days of its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt in violation of 15 U.S.C § 1692g

## COUNT 3

### HARRASSMENT OR ABUSE

29. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. Defendant placed a telephone call to Plaintiff. The above – detailed conduct by this Defendant's communications in an attempt to collect a debt is in violation of 15 U.S.C § 1692 d(5)

## COUNT 4

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(PART IV)

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. Defendant violated FCCPA, FLA. STAT§559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

## COUNT 5

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C 227

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. Defendant violated TCPA 47 U.S.C. 227b(1)(A) by making a call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT 6

## VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C.

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. Defendant violated TCPA 47 U.S.C. 227b(1)(B) to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

37. **WHEREFORE**, Plaintiff (JENNY LONGMORE) request that judgment be entered against the Defendant (FOCUS FINANCIAL SERVICES) for statutory damages together with attorneys fees and cost pursuant to 15 U.S.C. 1692,

## REQUEST FOR JURY

38. Plaintiff is entitled and hereby request a trial by jury

Dated: _Jan 7_, 2013

respectfully submitted,

Jenny Longmore
607 Nw 155 Terr
Pembroke Pines, Fl, 33028
(954) 871-1602
fdcpa911@comcast.net